1

2

3

4

5

6                          UNITED STATES DISTRICT COURT

7                          EASTERN DISTRICT OF CALIFORNIA

8

9   PIRTPAL SINGH,                          No.  1:26-cv-00618-KES-EPG (HC)

10                 Petitioner,

11        v.                                ORDER GRANTING PETITION FOR WRIT
                                            OF HABEAS CORPUS
12   MINGA WOFFORD, Warden of Mesa
    Verde ICE Processing Center; TODD       Doc. 1
13   LYONS, Acting Director of United States
    Immigration and Customs Enforcement;
14   KRISTI NOEM, Secretary of the United
    States Department of Homeland Security;
15   PAMELA BONDI, Attorney General of the
    United States,
16
                 Respondents.
17

18

19        Petitioner Pirtpal Singh is an immigration detainee proceeding with a petition for writ of

20   habeas corpus and motion for temporary restraining order.  Docs. 1, 2.  The Court has previously

21   addressed the legal issues raised by claim two of the petition.  *See, e.g.*, *R.A.N.O. v. Wofford*, No.

22   1:25-CV-01535-KES-EPG (HC), 2026 WL 40507 (E.D. Cal. Jan. 6, 2026); *Ramazan M. v.*

23   *Andrews*, No. 1:25-CV-01356-KES-SKO (HC), 2025 WL 3145562 (E.D. Cal. Nov. 10,

24   2025); *Omer G. G. v. Kaiser*, No. 1:25-CV-01471-KES-SAB (HC), 2025 WL 3254999 (E.D. Cal.

25   Nov. 22, 2025).

26        The Court informed the parties that it intended to rule directly on the petition and ordered

27   respondents to show cause as to whether there are any factual or legal issues in this case that

28   distinguish it from the Court's prior orders in *R.A.N.O. v. Wofford*, *Ramazan M. v. Andrews*,

                                            1

1  and *Omer G. G. v. Kaiser*, and that would justify denying the petition.  Doc. 6.  Respondents filed

2  a motion to dismiss, but they did not identify any factual or legal distinctions between this case

3  and those cited above.  *See* Doc. 10.[1]  The Court has previously addressed respondents'

4  arguments in its prior cases.

5       As respondents have not made any new legal arguments and have not identified any

6  factual or legal issues in this case that would distinguish it from the Court's prior decisions in

7  *R.A.N.O. v. Wofford*, No. 1:25-CV-01535-KES-EPG (HC), 2026 WL 40507 (E.D. Cal. Jan. 6,

8  2026), *Ramazan M. v. Andrews*, No. 1:25-CV-01356-KES-SKO (HC), 2025 WL 3145562 (E.D.

9  Cal. Nov. 10, 2025), and *Omer G. G. v. Kaiser*, No. 1:25-CV-01471-KES-SAB (HC), 2025 WL

10  3254999 (E.D. Cal. Nov. 22, 2025), respondents' motion to dismiss is DENIED, and the petition

11  for writ of habeas corpus is GRANTED as to claim two, for the reasons addressed in those prior

12  orders.[2]

13  / / /

14  / / /

15  / / /

16  / / /

17  / / /

18  / / /

19  / / /

20  / / /

21

22  [1] Respondents also request, in the alternative, that the Court hold this case in abeyance pending
the appeal in *Rodriguez v. Bostock*, No. 25-6842 (9th Cir.), which appears to concern the issue of

23  whether § 1226(a) or § 1225(b) applies to individuals who entered the country without inspection
and who were not apprehended by immigration authorities before their detention in 2025.  *See*

24  Doc. 10 at 2.  But here immigration officials did previously encounter petitioner and they released
him after implicitly determining that he did not pose a flight risk or a danger, and the issue is

25  whether the Due Process Clause requires a pre-deprivation hearing prior to his *re-detention*.

26  Given the different circumstances in this case, and the nature of the relief petitioner seeks, the
Court declines to hold this case in abeyance pending the *Rodriguez* appeal.

27

28  [2] The Court need not address petitioner's other claims as petitioner is entitled to the relief he
seeks based on the Court's ruling on claim two.

2

1        Respondents are ORDERED to release petitioner immediately.  Respondents are

2    ENJOINED AND RESTRAINED from re-detaining petitioner unless they demonstrate, by clear

3    and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that

4    petitioner is a flight risk or danger to the community such that his physical custody is legally

5    justified.

6        The Clerk of Court is directed to close this case and enter judgment for petitioner.

7

8    IT IS SO ORDERED.

9        Dated:    January 29, 2026                         

10                               UNITED STATES DISTRICT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3